# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY DAVID MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-340 |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 28. The Commissioner has responded in opposition, partially objecting to the request, doc. 29, and Plaintiff has replied, doc. 30. The motion is ripe for disposition, and it is **RECOMMENDED**[2] that it be **GRANTED**, **in part**, and that the fee award be reduced as explained below.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

I.  **BACKGROUND**

After the parties fully briefed the issues, the District Judge remanded plaintiff's social security appeal to the agency for further consideration pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered in plaintiff's favor. Docs. 26 (Order) & 27 (Judgment). Plaintiff then filed the instant motion requesting $5,513.08 in attorney's fees, along with $20.85 in costs. Doc. 28 at 2.

Plaintiff's fee request is comprised of 5.0 hours expended by Attorney Charles Snyder, 7.25 hours expended by Attorney Paul T. McChesney, 19.75 hours expended by Paralegal Deborah H. Dempsey, and 10.2 hours expended by "Legal Assistant" Martha L. Kraeski. Doc. 28-1 at 6-7. The rate sought for the attorneys is $202.50/hour for 12.25 hours, and the rate sought for non-attorney services is $101.25/hour for 29.95 hours. *Id.* at 7. However, Snyder's own affidavit suggests that his standard hourly rate is $175. Doc. 28-3 at 1. The Commissioner objects, not to the Plaintiff's entitlement to fees under the EAJA, but to the inclusion of clerical tasks in the calculated hours and to the requested paralegal hourly rate. *See* doc. 29 at 1.

## II. ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, and his request is timely. *Compare* doc. 27 (Judgment remanding pursuant to sentence four entered March 29, 2021) *with* doc. 28 (motion for fees filed June 18, 2021). He has also demonstrated that the Commissioner's position was not substantially justified. This is evidenced perhaps most strongly by the Court's Order

3

remanding the case to the agency so that it could properly evaluate medical opinion evidence which it had failed to consider. Doc. 25 at 12 *adopted by* doc. 26. Moreover, the Commissioner's opposition does not refute Plaintiff's assertion that the agency's decision was not substantially justified. *See generally* doc. 29. The Court should find, therefore, that Plaintiff is entitled to an award pursuant to the EAJA.

The crux of the parties' dispute centers on the reasonableness of the requested fees. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

4

First, the Court must consider the number of hours expended on this case by Plaintiff's counsel. His attorneys spent 12.25 hours total on the case, while Counsel's paralegal and legal assistant spent a combined 29.95 hours on the case. *See* doc. 28-1 at 6-7. The Commissioner does not dispute the reasonableness of the hours expended by counsel or by counsel's paralegal, and an independent review reveals those hours are reasonable. *See* doc. 28-3 at 2-3; doc. 28-4 at 2; doc. 28-5 at 1-2. The Commissioner does, however, dispute the reasonableness of the hours expended by counsel's legal assistant. Doc. 29 at 4. The legal assistant billed 3.6 hours for work the Commissioner categorizes as non-compensable clerical tasks. *Id.* at 3-4. In reply, Plaintiff concedes the argument by "agree[ing] to reduce his paralegal award of time by 3.6 hours." Therefore, the total amount of hours to be reimbursed should be 12.25 hours of attorney time, comprised of 5.0 hours by Snyder and 7.25 hours by McChesney, and 26.35 hours of paralegal time.

Plaintiff seeks approval of an hourly rate of $202.50 for the attorneys and "half that," or $101.25, for paralegals. Doc. 28-1 at 7. As to the requested rate for attorneys, Plaintiff argues that there has been an increase in the cost of living since the EAJA amendment took effect,

5

and that a cost-of-living increase justifies a higher rate. *Id.* He then calculates the rate of $202.50 by multiplying the statutory cap of $125 by the percentage increase in the Consumer Price Index between when the EAJA cap was last amended and when the work was performed in this case. *Id.* At least as to McChesney, the Court should approve counsel's proposed hourly rate as reasonable. *See Thomas v. Kijakazi*, CV419-271, doc. 24 at 3 (S.D. Ga. April 5, 2022) (Moore, J.) (finding rates of $206.60 and $219.63 per hour reasonable). However, as to Snyder, the Court should credit his representation that his hourly rate is $175 and that the rate is comparable with other practitioners in the area as evidenced of the reasonable hourly rate for his services.

Plaintiff asks that counsel's paralegals' time be reimbursed at a rate of $101.25 per hour. In his initial motion, he simply arrives at this number by dividing the requested attorney hourly rate in half. Doc. 28-1 at 7. The Commissioner rightly points out that Plaintiff bears the burden of demonstrating the appropriate market rate, and that his unsupported contention does not meet that burden. Doc. 29. In reply, Plaintiff identifies cases in the Eleventh Circuit approving comparable

6

rates for paralegals. *See* doc. 30 at 1-2 (citing cases approving rates for paralegals between $100 and $150 per hour).

In 2019, this Court determined that an hourly rate of $75 for paralegals was reasonable. *See Holton v. Saul*, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019). There, as here, the paralegal's affidavits were silent as to their customary billing rate. *Compare id. with* docs. 28-5 & 28-6. The two cases share more in common—the paralegals in that case are the same as in the instant case, and the time billed in this case encompasses the same time frame as the Court's prior Order. *Id.* Additionally, the Court's analysis in *Holton* distinguishes the very cases identified by Plaintiff as supporting the requested hourly rate. *Compare Holton*, 2019 WL 6040184, at *1 (distinguishing *Metro Health EMS, Inc. v. Wells Fargo Bank, NA*, 2018 WL 3702451, at *2 (N.D. Ga. Apr. 4, 2018) and *Pena v. RDI, LLC*, 2019 WL 3017574, at *1 (M.D. Fla. July 10, 2019)), *with* doc. 30 at 2 (relying on *Metro Health EMS* and *Pena* to support requested hourly rate). The Court should find, as it did in *Holton*, that $75 is a reasonable hourly rate for the paralegal's time. *Holton*, 2019 WL 6040184, at *2; *see also* doc. 29 at 5 (Commissioner's request that the

7

"Court reduce Plaintiff's EAJA fees by calculating any compensable paralegal time by using a rate between $65-75 an hour.").

Applying the above-discussed hourly rates to the total amount of reasonable hours expended, the Court should **GRANT** Plaintiff's motion, in part, and **AWARD** Plaintiff the reduced amount of $4,319.38 in fees,[3] plus $20.85 for expenses, totaling $4,340.23.

## III. CONCLUSION

The Court should **GRANT, in part** Plaintiff's Motion for Attorney Fees, doc. 28, and award Plaintiff[4] the reduced amount of $4,340.23.

---

[3] This amount includes $875 for Snyder (5 hours at a rate of $175 per hour), $1,468.13 for McChesney (7.25 hours at a rate of $202.50 per hour), and $1,976.25 for paralegal time (26.35 hours at a rate of $75 per hour).

[4] Plaintiff indicates in his motion that he and his counsel have entered into an assignment agreement. Doc. 28. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Id.*; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 27th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA